IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. SHERMAN, | No. MISC.S-04-0368 MCE DAD PS |
| Plaintiff, | 2:05-CV-1052 MCE DAD PS |
| v. | ORDER |
| COUNTY OF YOLO, et al., | |
| Defendants. | |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

1 time if it determines the allegation of poverty is untrue, or if the
2 action is frivolous or malicious, fails to state a claim on which
3 relief may be granted, or seeks monetary relief against an immune
4 defendant.

5     A claim is legally frivolous when it lacks an arguable
6 basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
7 325, 109 S. Ct. 1827, 1831-32 (1989); Franklin v. Murphy, 745 F.2d
8 1221, 1227-28 (9th Cir. 1984). Under this standard, a court shall
9 dismiss a claim as frivolous where it is based on an indisputably
10 meritless legal theory or where the factual contentions are clearly
11 baseless. See Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833; see also
12 28 U.S.C. § 1915(e).

13     A complaint, or portion thereof, should only be dismissed
14 for failure to state a claim upon which relief can be granted if it
15 appears beyond doubt that the plaintiff can prove no set of facts in
16 support of the claim or claims that would entitle him to relief.
17 Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232
18 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99,
19 102 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d
20 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this
21 standard, the court must accept as true the allegations of the
22 complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738,
23 740, 96 S. Ct. 1848, 1850 (1976). Furthermore, the court must
24 construe the pleading in the light most favorable to the plaintiff,
25 and resolve all doubts in the plaintiff's favor. See Jenkins v.
26 McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969).

1    The court finds the allegations in the complaint so vague
2 and conclusory that it is unable to determine whether the current
3 action is frivolous or fails to state a claim for relief.  The court
4 has determined that the complaint does not contain a short and plain
5 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the
6 Federal Rules adopt a flexible pleading policy, a complaint must give
7 fair notice and state the elements of the claim plainly and
8 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
9 Cir. 1984).  Plaintiff must allege with at least some degree of
10 particularity overt acts which defendants engaged in that support
11 plaintiff's claim.  Id.

12    The complaint fails to meet these requirements.  The
13 complaint consists of twenty-seven single-spaced, handwritten pages.
14 While the complaint is illegible in part and is somewhat difficult to
15 decipher, the named defendants appear to be Yolo County; Yolo County
16 District Attorney David Henderson; Deputy District Attorney Alvina
17 Tzang; and the Yolo County Transportation District.  The complaint
18 appears to concern several encounters between plaintiff and law
19 enforcement officials at various locations in Yolo County, such as
20 grocery stores, a drug store, a college student union and a bus.
21 According to the complaint, those encounters occurred in connection
22 with plaintiff "evangelizing" at those locations and apparently
23 resulted in plaintiff's arrest and prosecution for offenses not
24 clearly specified in the complaint.  However, other than general
25 assertions that these events evidence a general practice by
26 defendants of harassing, falsely arresting, kidnaping, slandering and

3

1  prosecuting plaintiff in a discriminatory fashion over the last five
2  years, the precise nature of plaintiff's intended claims are unclear.
3  Thus, the court finds that the complaint's allegations do not amount
4  to a short plain statement of a claim showing that plaintiff is
5  entitled to relief or set forth any factual allegations giving rise
6  to federal jurisdiction.  See Fed. R. Civ. P. 8(a)(1), (2).

7           The court recognizes that the complaint makes reference to
8  42 U.S.C. § 1983 and various constitutional rights.  However, to the
9  extent plaintiff is attempting to bring a § 1983 action the complaint
10 does not allege how the conduct complained of has resulted in a
11 deprivation of a right, privilege or immunity secured by the
12 Constitution or federal law by a person acting under color of state
13 law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v.
14 Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991).  The Civil
15 Rights Act provides as follows:

16           Every person who, under color of [state law] ...
             subjects, or causes to be subjected, any citizen
17           of the United States ... to the deprivation of
             any rights, privileges, or immunities secured by
18           the Constitution ... shall be liable to the party
             injured in an action at law, suit in equity, or
19           other proper proceeding for redress.

20 42 U.S.C. § 1983.  The statute requires that there be an actual
21 connection or link between the actions of the defendants and the
22 deprivation alleged to have been suffered by plaintiff.  See Monell
23 v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,
24 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation
25 of a constitutional right, within the meaning of § 1983, if he does
26 an affirmative act, participates in another's affirmative acts or

4

1 | omits to perform an act which he is legally required to do that
2 | causes the deprivation of which complaint is made." Johnson v.
3 | Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4 |     Moreover, supervisory personnel such as the Yolo County
5 | District Attorney are generally not liable under § 1983 for the
6 | actions of their employees under a theory of respondeat superior.
7 | Therefore, when a named defendant holds a supervisory position, the
8 | causal link between the defendant and the claimed constitutional
9 | violation must be specifically alleged. See Fayle v. Stapley, 607
10 | F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
11 | (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). "A supervisor is
12 | only liable for constitutional violations of his subordinates if the
13 | supervisor participated in or directed the violations, or knew of the
14 | violations and failed to act to prevent them." Taylor v. List, 880
15 | F.2d 1040, 1045 (9th Cir. 1989)(citing Ybarra v. Reno Thunderbird
16 | Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984)). Vague
17 | and conclusory allegations concerning the involvement of official
18 | personnel in civil rights violations are not sufficient. See Ivey v.
19 | Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20 |     Finally, the complaint also fails to allege municipal
21 | liability arising from any policy of Yolo County. See Monell v.
22 | Department of Soc. Servs., 436 U.S. 658, 690-91 (1978). Plaintiff's
23 | complaint contains no specific allegations regarding any policy or
24 | custom of Yolo County resulting in a deprivation of constitutional
25 | rights; any decision by an official with final policy-making
26 | authority which resulted in a violation of plaintiff's rights; or any

1  such official's ratification of an unconstitutional decision by a
2  subordinate.  See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th
3  Cir. 1992).

4       Because of these deficiencies, plaintiff's complaint must
5  be dismissed.  Nonetheless, the court will grant leave to file an
6  amended complaint.  If plaintiff chooses to amend the complaint, he
7  must set forth the grounds upon which the court's jurisdiction
8  depends.  Moreover, the amended complaint must include clear and
9  concise factual allegations describing the events which underlie
10 plaintiff's claims.

11      In addition, plaintiff is informed that the court cannot
12 refer to a prior pleading in order to make plaintiff's amended
13 complaint complete.  Local Rule 15-220 requires that an amended
14 complaint be complete in itself without reference to any prior
15 pleading.  This is because, as a general rule, an amended complaint
16 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57
17 (9th Cir. 1967).  Once plaintiff files an amended complaint, the
18 complaint no longer serves any function in the case.  Therefore, in
19 an amended complaint, as in an original complaint, each claim and the
20 involvement of each defendant must be sufficiently alleged.  Any
21 amended pleading which fails to provide the necessary factual
22 description will likely be dismissed.

23      Plaintiff is forewarned that the failure to file an amended
24 complaint which complies with this order will result in a
25 recommendation that this action be dismissed.
26 /////

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to file plaintiff's complaint and open this matter as a civil action, to be referred to hereafter by the civil case number stamped on page one of this order;

3. Plaintiff's complaint is dismissed; and

4. Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the docket number assigned this case and must be labeled "Amended Complaint". Plaintiff must file an original and two copies of the amended complaint.

DATED: May 25, 2005.

*Dale A. Drozd*

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\sherman.ifp.lta

7