IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,                        No. CIV-S-05-1052 MCE/DAD PS

      Plaintiff,

  v.                                        <u>ORDER</u>

COUNTY OF YOLO, ET AL.,

      Defendants.
_____/

    Plaintiff, proceeding pro se, filed the above-entitled action.  The matter was referred to a United States Magistrate Judge pursuant to Local Rule 72-302(c)(21).

    On July 5, 2005, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections to the findings and recommendations.

///

///

1

1    In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a
3 de novo review of this case and has considered plaintiff's
4 objections.  Having carefully reviewed the entire file, the court
5 finds the findings and recommendations to be supported by the
6 record and by proper analysis.  The court has determined that
7 there is no need to modify the findings and recommendations based
8 on the points raised by plaintiff.[1]
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///

---

[1] Although he has filed objections, plaintiff has yet to file an amended complaint as directed by the magistrates judge's order dismissing plaintiff's complaint with leave to amend.  (See Order filed May 27, 2005.)  Additionally, plaintiff's objections suggest that with this action he is seeking damages in connection with unspecified convictions that resulted in periods of confinement at the Yolo County Detention Facility, where plaintiff is now confined.  However, plaintiff may not seek damages under 42 U.S.C. § 1983 in connection with a challenge to the basis for his confinement until he has established, by appropriate state or federal remedy, that his continued confinement is invalid.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).  Plaintiff's objections do not indicate that he has been successful in having his commitment reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at 486-87.  Therefore, any claim for damages by plaintiff would be barred at this time.

2

1  Accordingly, IT IS HEREBY ORDERED that:
2  1.  The findings and recommendations filed July 5, 2005, are
3 adopted in full;
4  2.  This matter is dismissed without prejudice; and
5  3.  The Clerk is directed to close this case.
6 DATED: November 3, 2005

```
                              _____
                              MORRISON C. ENGLAND, JR
                              UNITED STATES DISTRICT JUDGE
```

3