IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,              No. CIV.S-05-1052 MCE DAD PS

     Plaintiff,

  v.                 <u>FINDINGS AND RECOMMENDATIONS</u>

COUNTY OF YOLO, et al.,

     Defendants.
_____/

      Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  The matter was referred to a United States Magistrate Judge by Local Rule 72-302(c)(21) pursuant to 28 U.S.C. § 636(b)(1).

      By order filed May 27, 2005, plaintiff's complaint was dismissed and twenty days leave to amend was granted.  The twenty day period expired, and plaintiff had not filed an amended complaint or otherwise responded to the court's order.  Accordingly, by findings and recommendations filed July 5, 2005, the undersigned recommended that this action be dismissed without prejudice.  Plaintiff filed

1

written objections to those findings and recommendations, but by order filed November 5, 2005, the assigned district judge adopted them in full and dismissed this case. Judgment was entered in accordance with that order on the same day.

On January 4, 2006, plaintiff filed an "Amended Complaint and Suit for Unreasonable Seizure and Invidious Discrimination Damages and Motion to Re-open Action with Leave for Late Filing." Plaintiff filed a "revised version" of that document on March 20, 2006. On its face, plaintiff's request is an inappropriate motion filed in a closed case. Nonetheless, the undersigned has construed plaintiff's request as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows the court to relieve a party from a judgment for "any other reason justifying relief from the operation of judgment."

Relief is warranted under Rule 60(b)(6) only if extraordinary circumstances exist. <u>Ackermann v. United States</u>, 340 U.S. 193, 199-201 (1950); <u>Maraziti v. Thorpe</u>, 52 F.3d 252, 254 (9th Cir. 1995). Here, plaintiff seeks to be relieved from judgment due to "hardship" and "delay" resulting from his current incarceration at the Yolo County Detention Center. In this regard, plaintiff claims on one-hand "a shortage of the limited pro per materials for suit," yet also asserts that his incarceration has necessitated the filing of "8 petitions for habeas relief." Plaintiff has failed to demonstrate the existence of extraordinary circumstances entitling him to relief under Fed. R. Civ. P. 60(b)(6). Therefore, the undersigned will recommend the district court exercise its discretion to deny plaintiff's motion

to reopen. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Rodriguez v. Bowen, 678 F. Supp. 1456, 1458 (E.D. Cal. 1988).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's Rule 60(b)(6) motion (Doc. nos. 10 & 11) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1/orders.prose/sherman1052.f&r.judgment